UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO IGNACIO DELGADO,

Petitioner,

v.

SCOTT KERNAN,

Respondent.

No. 2:18-cv-01698-KJM-CKD

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application on the basis that it is barred by the statute of limitations. ECF No. 8. The motion has been fully briefed. See ECF Nos. 11-13. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice as time barred.

**I.  Factual and Procedural History**

The instant federal habeas application challenges petitioner's conviction for three counts of first-degree murder with special circumstances following a jury trial in the Sacramento County Superior Court. ECF No. 1 at 1. On June 22, 2012, petitioner was sentenced to three consecutive terms of life in prison without parole. Id.; see also ECF No. 12-1 at 2 (Abstract of Judgment).

1

Petitioner filed a direct appeal in the California Court of Appeal which affirmed his convictions on March 17, 2016. ECF No. 1 at 95; ECF No. 12-2 at 2-35 (Direct Appeal Opinion). The California Supreme Court denied his petition for review on June 8, 2016. ECF No. 1 at 17; ECF No. 12-4 at 2 (California Supreme Court Electronic Docket).

Petitioner's first state habeas corpus petition was filed in the Sacramento County Superior Court on September 5, 2017.[1] ECF No. 12-5 at 68. It was denied on October 24, 2017. ECF No. 12-6 at 2-4. Next, petitioner filed a state habeas petition in the California Court of Appeal on December 21, 2017. ECF No. 12-7 at 71. It was denied on February 1, 2018. ECF No. 1 at 92, ECF No. 12-8 at 2. Petitioner's third and final state habeas petition was filed in the California Supreme Court on March 2, 2018. ECF No. 1 at 28; ECF No. 12-9 at 75. It was denied on May 9, 2018. ECF No. 1 at 18, ECF No. 12-10 at 2.

On June 6, 2018 petitioner filed the pending federal habeas corpus application raising four claims for relief. ECF No. 1 at 15. First, petitioner challenges his first-degree murder convictions on the ground that he lacked the requisite mental state since he was not the triggerman. ECF No. 1 at 5. Next, petitioner contends that his Sixth Amendment right to confrontation and his Fourteenth Amendment right to due process were violated based on the trial court's admission of expert gang testimony. ECF No. 1 at 7. In his third claim for relief petitioner alleges that the state courts applied the wrong standard in denying his state habeas corpus petitions. ECF No. 1 at 8. Finally, petitioner asserts that his Fifth Amendment right against self-incrimination was violated when the trial court admitted his statements to police even though he did not knowingly and intelligently waive his <u>Miranda</u> rights. ECF No. 1 at 10. As will become relevant to petitioner's request for equitable tolling of the statute of limitations governing federal habeas relief, this last argument is based on petitioner's lack of English as well as Spanish language skills since his native language is Nahuatl. <u>Id.</u>

**II. Motion to Dismiss**

In the motion to dismiss, respondent argues that petitioner's federal habeas application

---

[1] All filing dates have been calculated using the prison mailbox rule. See <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

was filed "nearly one month after" the one-year statute of limitations expired. ECF No. 9 at 2. Petitioner's conviction became final on September 6, 2016 when the 90-day period to file a petition for certiorari in the United States Supreme Court expired. ECF No. 9 at 2-3. The federal statute of limitations started the next day and expired one year later on September 7, 2016 without any statutory or equitable tolling. Id. at 3. According to respondent, 363 days of the one-year limitations period had elapsed before petitioner filed his first state habeas petition on September 5, 2017. Id. at 3-4. Even granting petitioner statutory tolling for the entire time that all three of his state habeas petitions were pending, the instant federal petition is untimely because petitioner had until May 11, 2018 to file it. ECF No. 9 at 4. Respondent therefore contends that petitioner's federal habeas application that was filed on June 6, 2018, is almost one month late. Id. As a result, respondent requests that the petition be dismissed with prejudice. Id. at 5.

In his opposition, petitioner requests equitable tolling on the basis of his "severe language problem/barrier going back to his arrest and interrogation by police…." ECF No. 19 at 4. Petitioner's native language is Nahuatl, an "Aztec Indian dialec[t]." Id. According to petitioner, this language barrier constitutes an extraordinary circumstance beyond his control that warrants equitably tolling the statute of limitations. Id. In support of this contention, petitioner submitted an affidavit from his jailhouse lawyer, Danny Montana Guerra, who has known petitioner "since approximately December 2016." ECF No. 19 at 8; see also ECF No. 1 at 32. Mr. Guerra declared that "I quickly found that Mr. Delgado can read, [and] speak very little English, and his comprehension level in English was/is severely challenged…." Id. at 1.

Petitioner also requests equitable tolling of the statute of limitations based on deficiencies in the law library computers at Ironwood State Prison where petitioner was incarcerated between September 2016 and July 2017. ECF No. 19 at 3. Specifically, petitioner contends that the cases supporting the arguments in support of his state habeas petitions were not available until July 2017 because the law library computer database was not updated in December 2016.[2] Id.

---

[2] Petitioner's jailhouse lawyer asserts in his declaration that he was prevented from discovering the following cases due to the prison law library's lack of legal updates: Rosemond v. United States, 572 U.S. 65, 80 (2014) (determining the affirmative act and intent required to be convicted as an aider and abettor under the federal statute for "us[ing] or carry[ing] a firearm during in and

3

Petitioner argues that he was denied access to these necessary legal research materials for a period of 11 months and should be granted equitable tolling on this basis. Id. While acknowledging that Daily Appellate Journal Reports ("DAR's") are an alternate legal resource at the prison law library, petitioner submits an affidavit from his jailhouse lawyer indicating that these were not delivered during the same 11-month time frame. ECF No. 19 at 9 (Declaration of Danny Montana Guerra). According to petitioner, the denial of access to these legal reference materials by the CDCR for a period of 11 months constitutes an extraordinary circumstance beyond petitioner's control. ECF No. 19 at 5. But for the lack of access to these materials, petitioner and his jailhouse lawyer would have been able to file his state habeas petitions "in a more speedier/diligent manner…." Id. at 6.

By way of reply, respondent points out that petitioner's language barrier was not an extraordinary circumstance that justifies equitable tolling. ECF No. 22 at 2-8. Respondent also contends that petitioner was not diligent in seeking assistance in his native language by showing any effort he made to obtain "legal materials in Nahuatl or to procure translation help from other inmates, library personnel, or other sources." Id. at 3-4 (citing Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). Moreover, petitioner's assertions that he does not understand Spanish are belied by the trial court record denying his suppression motion. ECF No. 22 at 4. At the time of his arrest for the instant case, petitioner had lived in the United States for 5 years and spoke Spanish with his wife, his girlfriend Alma Rosa, his neighbors, his fellow gang members as well as Placerville and Sacramento law enforcement officers. ECF No. 23-2 at 9-11. Petitioner never

---

relation to any crime of violence or drug trafficking crime."); People v. Chiu, 59 Cal. 4th 155 (2014) (holding that, as a matter of state law, an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine); People v. Banks, 61 Cal. 4th 788 (2015) (interpreting California Penal Code § 190.2(d) which extended the death penalty to "major participants" in a felony murder in conformity with the Supreme Court's Eighth Amendment jurisprudence in Tison v. Arizona, 481 U.S. 137 (1987) and Enmund v. Florida, 458 U.S. 782 (1982)); People v. Sanchez, 63 Cal. 4th 665 (2016) (holding that testimonial statements relayed by the prosecution's gang expert violated defendant's Sixth Amendment right to confrontation and cross-examination in accordance with the Supreme Court's ruling in Crawford v. Washington, 541 U.S. 36 (2004)). ECF No. 19 at 9. "Once these cases were discovered…, I immediately included them into the [sic] Mr. Delgado's Writ of Habeas Corpus Petition which was filed approximately September 5, 2017. Id. (Declaration of Danny Montana Guerra).

4

told Deputy Pena, the translating officer during his police interview, that he did not understand Spanish or that he needed a Nahuatl interpreter. ECF No. 22 at 5 (citing ECF No. 23-2 at 22-23). After reviewing the audio and video recording of his interview with police, the trial court specifically found that petitioner "[d]uring the giving of the Miranda[3] waivers and the entirety of more than an hour interview, … never appeared confused or not to understand the question posed, or Deputy Pena's Spanish. Mr. Delgado responded in Spanish without hesitation, and appeared to speak Spanish with ease and fluency. It was clear that at certain points Mr. Delgado understood the English spoken by Deputy Pena and Detective Turnbull…. Several times he spoke English to clarify a point." ECF No. 23-3 at 3. Even on appeal, the California Court of Appeal concluded that there was substantial evidence demonstrating petitioner's command of the Spanish language to "refute his claims of [a] defective waiver of his Miranda rights." ECF No. 12-2 at 4.

With respect to petitioner's request for equitable tolling based on inadequacies in the prison law library, respondent points out that "[p]etitioner's ability to raise his claims were not dependent on cases published between September 2016, and July 2017." ECF No. 22 at 9. Moreover, three out of the four cases that were purportedly unavailable during this time frame involve issues of state law and not federal constitutional claims cognizable on habeas. Id. Thus, these cases do not provide any legal basis upon which petitioner could have requested federal habeas corpus relief. Id. Accordingly, respondent requests that the court deny petitioner's request for equitable tolling and dismiss his federal habeas petition with prejudice as untimely filed.

### III. Legal Standards

#### A. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

5

> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest

the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

Furthermore, the Ninth Circuit has recognized that federal habeas petitioners who lack English language ability but are denied access to legal materials in their native language and cannot procure the assistance of a translator during the running of the AEDPA limitations period may be entitled to equitable tolling. Mendoza v. Carey, 449 F.3d 1065, 1071 (9th Cir. 2006). However, a petitioner seeking equitable tolling based on language barriers "must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id. at 1070. In Mendoza, diligence was established based on facts that the Spanish speaking inmate had visited the prison library "several times," "engaged in conversations with people on the prison yard," and submitted 47 separate declarations signed by other Spanish-speaking inmates attesting that the library held no books in Spanish that could assist them in pursuing federal habeas claims. Mendoza, 449 F.3d at 1067-68.

**IV.    Analysis**

In this case, petitioner's conviction became final, for purposes of calculating the start date of the one-year statute of limitations, on **September 6, 2016** following the expiration of the 90-day period to seek certiorari review from the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A); Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011). The statute of limitations commenced the next day and ended on **September 6, 2017**, absent any statutory or equitable tolling. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

/////

**A. Statutory Tolling**

Petitioner is entitled to statutory tolling from September 5, 2017, the date he filed his first state habeas petition, until May 9, 2018, the date the California Supreme Court denied his state habeas petition. See 28 U.S.C. § 2244(d)(2)(stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review… is pending shall not be counted toward any period of limitation…."). Respondent assumes "without conceding" that petitioner is entitled to statutory tolling for this entire time period. See ECF No. 9 at 3-4. However, petitioner waited 363 days out of the one-year statute of limitations before he filed any state habeas petition. The statute of limitations commenced the day after the California Supreme Court denied petitioner's state habeas application and expired one day later on May 11, 2018. Therefore, petitioner's § 2254 petition filed on June 6, 2018 was filed **26 days late**, absent any equitable tolling.

**B. Equitable Tolling**

    **1. Language Barriers**

Based on this state court record, the undersigned finds that petitioner is not entitled to equitable tolling of the statute of limitations based on his limited English and Spanish language skills. In light of the Sacramento Superior Court's findings after seeing petitioner testify in person, as well as its review of the hour-long audio and videotape of petitioner's post-arrest interview with the police, the court does not find that petitioner's language barrier in either Spanish or English constitutes an extraordinary circumstance justifying equitably tolling the statute of limitations. The affidavits from petitioner's jailhouse lawyer are not enough to contradict these portions of the state court record.

Nor does the court find that petitioner has demonstrated that he was diligent in obtaining "language or translation assistance from an inmate, library personnel, or other source" as required by Mendoza. 449 F.3d at 1070. The diligence prong of equitable tolling requires the petitioner to show that he was engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. See Mendoza v. Carey, 449 F.3d 1065, 1071 n. 6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary

circumstance and the inmate's exercise of diligence" during the relevant time period); see also Pace, 544 U.S. at 419 (rejecting equitable tolling and noting in part that petitioner waited over five months after his state post-conviction proceedings became final before filing his federal habeas petition).  Here, petitioner has not provided the court with any facts to establish his diligent efforts to timely file the petition during the first 11 months of the statute of limitations. While petitioner's jailhouse lawyer asserts that *he* was diligent in preparing petitioner's first state habeas petition after March 2017, there is no evidence in the record that petitioner was diligently pursuing legal assistance or legal materials in his native language between September 2016 and March 2017 so as to warrant equitable tolling.  See ECF No. 19 at 8; see also Guerrero v. Yates, No. S:10-0905-JAM-DAD-P, 2011 WL 590857 (E.D. Cal. 2011) (denying equitable tolling based on lack of diligence where petitioner "attempt[ed] to put the entire burden for the filing [of] a timely federal habeas petition on his daughter…."").  In fact, the only evidence is to the contrary. Petitioner's own jailhouse lawyer indicates that "an associate…requested assistance with Mr. Delgado's case…." ECF No. 19 at 8.  Mr. Delgado himself has failed to proffer any evidence of his own diligence.  Instead he seeks to meet the diligence requirement based on the efforts of third parties.  This is not the reasonable diligence required by Mendoza, 449 F.3d at 1067-1068, to warrant equitable tolling.  For all these reasons, the undersigned recommends denying equitable tolling on the basis of petitioner's language barriers.

### 2. Deficiencies in the Prison Law Library

Petitioner also requests equitable tolling based on the prison law library's failure to update its computer database from September 2016 through July 2017.  See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam) (concluding that an inadequate prison law library may under certain circumstances justify equitable tolling).  Petitioner's declarations in support of this request for equitable tolling indicate that the delays in updating the law library's computer database were common.  See ECF No. 12-5 at 12 (Petitioner's affidavit indicating that the computer database is seldom updated); ECF No. 19 at 12 (Affidavit of Danny Montana Guerra explaining that "sometimes months go by before…" the computer hard drives are updated).  As a result of this description of the inadequacies of the prison law library, the court

concludes that this is an ordinary incident of prison life that does not justify equitable tolling. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (finding that pro se status, missing reporters in the prison law library, transferred or busy jailhouse assistances, and lack of access to legal files were insufficient to warrant equitable tolling); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (emphasizing that "[o]rdinary prison limitations on Ramirez's access to the law library and copier… were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); see also Hernandez v. Ochoa, No. 1:10-cv-01863-JLT-HC, 2011 WL 1103161, at *5 (E.D. Cal. March 22, 2011) (holding that "the vagaries of accessing prison law libraries or obtaining current legal materials therefrom, are complaints common to the vast majority of incarcerated prisoners"); Atkins v. Harris, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) (holding that "lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal petition."). It therefore appears that petitioner is just utilizing the delay in updating the computer database as a post-hoc rationalization for his delay, especially in light of the fact that the cases cited did not provide any new ground for relief to petitioner.[4]

---

[4] Rosemond v. United States, 572 U.S. 65 (2014), does not apply to petitioner's case because he was not convicted under the federal statute for using or carrying a firearm during a crime of violence or drug trafficking offense as an aider and abettor. People v. Chiu, 59 Cal. 4th 155 (2014), was based on a conviction for first degree premeditated murder using the natural and probable consequences doctrine. However, petitioner was not convicted of first-degree premeditated murder under the natural and probable consequences doctrine. See ECF No. 12-6 at 2 (Sacramento Superior Court habeas denial explaining that petitioner's jury was not instructed on the natural and probable consequences theory of guilt). Therefore, this case is inapplicable. The same holds true for People v. Banks, 61 Cal. 4th 788 (2015), which reviewed California Penal Code § 190.2(d) governing the imposition of the death penalty on an active participant who was not the actual killer. This California Supreme Court decision did not provide any new basis for relief in petitioner's case because "the jury by necessity found that Petitioner acted with intent to kill." ECF No. 12-6 at 3 (Sacramento Superior Court habeas denial). The California Supreme Court's decision in People v. Sanchez, 63 Cal. 4th 665 (2016), applied the Supreme Court's holding in Crawford v. Washington, 541 U.S. 36 (2004), to find that certain portions of a gang expert's testimony violated the Confrontation Clause of the federal constitution. The Sanchez case bolstered petitioner's confrontation clause challenge but it did not prevent him from raising this claim earlier by citing to Crawford which was decided in 2004.

For all these reasons, the court does not find that the prison law library's failure to update its computer database was the but-for cause of petitioner's 11-month delay in filing his first state habeas corpus petition which ultimately led to the untimely filing of his federal habeas petition. See Gaston v. Palmer 417 F.3d 1030, 1034-1035 (9th Cir. 2005) (denying equitable tolling because the stated reason was not the but-for cause of the untimely filing).

Additionally, the court finds that petitioner has failed to demonstrate diligence to support his request for equitable tolling. See Spitsyn, 345 F.3d at 802. "'[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.'" Spitsyn, 345 F.3d at 802 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). The affidavit from petitioner's jailhouse lawyer does not describe any efforts to request or obtain current case law from sources outside the prison or of any requests to prison officials to update the law library's computer database regularly. This is fatal to petitioner's equitable tolling request because he has the burden of demonstrating reasonable diligence. See Holland v. Florida, Accordingly, petitioner's federal habeas application was untimely filed and should be dismissed with prejudice.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the court has determined that you filed your federal habeas petition too late. As a result, the claims raised in the habeas petition will not be addressed on the merits. If you disagree with this outcome, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 9) be granted; and,
2.  Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 24, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/delg1698.mtd.docx